**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br>     Plaintiff, <br>   v. <br> **JESUS CORTES,** <br>     Defendant. | Case No.: 16-CR-14 YGR <br><br> **ORDER GRANTING MOTION FOR SENTENCE REDUCTION DUE TO COMPASSIONATE RELEASE** <br><br> DKT. NO. 63, 69 |

Defendant Jesus Cortes is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the United States Penitentiary in Lompoc, California ("USP Lompoc"). Cortes moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). The Court has jurisdiction to grant such relief[1] and, having carefully considered the papers and evidence[2] submitted in support of and in opposition to the motion, the Court **GRANTS** the motion on the terms as set forth herein.

On March 17, 2016, Mr. Cortes pled guilty to possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. No. 54.) On June 23, 2016, this Court sentenced Cortes to a term of imprisonment of 120 months in addition to five years of supervised release. (Dkt. No. 60.)[3] With an anticipated release date of March 21, 2024, Cortes has served just over 50% of his sentence.

---

[1] The Government concedes that the Court has jurisdiction given that 30 days have elapsed since Cortes's compassionate release request and appeal thereof were denied by the warden at USP Lompoc.

[2] The Government submitted records along with a motion to seal at Docket No. 69. That motion is **GRANTED**.

[3] Cortes was sentenced to a 10-year mandatory minimum term due to his refusal to participate in a "safety valve" proffer, which likely would have reduced the term of his sentence significantly.

Cortes requests that the Court reduce his sentence to time served and modify the terms of Mr. Cortes's supervised release to include a 12-month period of home confinement and such other conditions as the Court deems just.

Cortes is a 25-year-old man who is at increased health risk should he contract COVID-19 due to obesity. Cortes cites additional health conditions, including high blood pressure, high cholesterol, habitual smoking prior to incarceration, and undiagnosed asthma, although the medical records from USP Lompoc do not support these health factors. Cortes also submitted medical records indicating that he likely has hepatic steatosis, also known as fatty liver, and that liver disease also increases health risks associated with COVID-19. In addition, although he recently tested negative for COVID-19, Cortes indicates that he had symptoms consistent with COVID-19 in April 2020 and has continued to suffer for months with certain symptoms.

The government does not contest that the health risk factors presented by Cortes establish extraordinary and compelling reasons that would support a sentence reduction. Rather, the government argues that the Court should deny the motion because Cortes is a danger to the community and the 18 U.S.C. § 3553(a) factors do not support resentencing.

The Court has reviewed its file in this matter thoroughly, including the Probation Office's presentencing report submitted at the time, and the BOP records submitted. The Court has considered that, had a youthful Cortes cooperated with a safety valve proffer, he would not have been subject to the mandatory minimum and likely would be nearing release now without any sentence reduction. Cortes claims to regret that decision. The Court also considers that Cortes has had only one minor, non-violent disciplinary violation during more than five years in prison. These facts weigh in favor of granting Cortes's motion for compassionate release.

Cortes has indicated that, if released, he plans to live with his mother, sister, and young nephews at their home in Pittsburg, California, and hopes to return to his prior job at a local big box retailer or find work with a landscaper friend. Probation confirms that the release plan is appropriate.

Thus, the Court finds that Williams has established extraordinary and compelling reasons to modify his sentence. The Court **GRANTS** the motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a) and **ORDERS** as follows:

1. Cortes' sentence of imprisonment is modified to time served effective January 22, 2021 and he is ordered to be released to his mother Lidia Rodriguez. The Court directs the Bureau of Prisons ("BOP") to commence immediately the process of releasing Cortes from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps communicate and facilitate Cortes's immediate release.

2. Cortes shall be subject to the 5-year term of supervised release with the special condition that Cortes shall be subject to home confinement through January 31, 2022.

   a. following his release, Cortes shall immediately relocate to the Pittsburg, California residence owned by his mother, Lidia Rodriguez and shall have no contact with any person other than those residents until the period of quarantine referenced below has expired;

   b. commencing at the time of his arrival at the Pittsburg residence, Cortes must self-quarantine at the residence for a period of fourteen (14) days;

   c. within 72 hours of release from custody, Cortes shall contact the U.S. Probation office to begin the reentry process.

3. During the period of home confinement Mr. Cortes shall be subject to the following conditions:

   a. He shall be placed on home confinement subject to the location monitoring program as directed by the probation officer through January 31, 2022. Location monitoring shall be utilized to verify Williams' compliance with home detention while on the program until the Court is satisfied that Cortes is fully committed to embracing a law-abiding lifestyle. Location monitoring fees may be waived upon the discretion of U.S. Probation.

   b. He shall remain at the Pittsburg residence at all times except for employment; education; religious services; medical appointments; substance abuse or

mental health treatment; attorney visits; court appearances; court-ordered obligations; or other approved activities, **all of which** must be approved in advance by the U.S. Probation Office.

   c. He shall comply with the conditions of release and supervision set forth in the Judgment. (Dkt. No. 60.)

4. Counsel shall meet and confer and schedule a Zoom conference with the Court within 45 days of release so that the Court can discuss the content of this Order with Cortes.

5. The Government shall serve a copy of this order on the Warden at USP Lompoc forthwith.

**IT IS SO ORDERED**.

Date: **January 21, 2021**

               _____
                **YVONNE GONZALEZ ROGERS**
                **UNITED STATES DISTRICT COURT JUDGE**